IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUDY ROMERO and EVELYN ROMERO,**
**individually and as guardians and next**
**friends of ROBBIE ROMERO, a minor,**

        **Plaintiffs,**

    v.                                                        No. 02-CV-00762 LH/DJS

**THE CITY OF SANTA FE, THE SANTA FE**
**POLICE DEPARTMENT, and JERRY**
**ARCHULETA,**

        **Defendants**.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a motion to remand filed by Plaintiffs. (Docket No. 6). The Court, having considered the motions and briefs, as well as relevant case law, concludes that the motion is well-taken and will be **granted**. Given the Court's conclusion that it lacks subject matter jurisdiction, this case must be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**Background**

The facts of this case, as alleged in the Complaint, are as follows. On June 7, 2000, Robbie Romero, age 7, told his family that he was going to a friend's house down the street. That was the last time Robbie's family saw him. That night, the Romeros notified Defendant Archuleta

1

that Robbie was missing.  Archuleta was the supervisor for the graveyard shift of the Santa Fe Police Department.  Archuleta did not order any kind of search for the child, and it was not until the next morning that the police started looking for Robbie.  Plaintiffs filed their Complaint in state court, claiming that Archuleta's failure to act had an effect on the recovery effort for Robbie.  Plaintiffs' Complaint states two claims pursuant to the New Mexico Tort Claims Act and the New Mexico Constitution.  However, the Complaint includes language that the claims are brought under the United States Constitution as well.  Based on that language, Defendants City of Santa Fe and Santa Fe Police Department filed a Notice of Removal.  Plaintiffs have now filed this Motion to Remand, contending that this Court does not have subject matter jurisdiction over this case.

**Legal Standard**

The burden to support federal court subject matter jurisdiction is entirely the Defendants'.  A case must be remanded to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction exists.  *See* CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE 2d, § 3522 at 62 (2d ed. 1984).  The party seeking to invoke the jurisdiction of a federal court must demonstrate the case is within the competence of that court.  *Id.*  Therefore, defendants must soundly establish the presence of a substantial federal question.  *Id.* § 3739 at 424 (3d ed. 1998).  There is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813 (1986).  When a claim can be supported by alternative theories,

one of which is a state law theory, and one of which is a federal law theory, federal question jurisdiction does not exist because federal law is not a necessary element of the claim. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

**Plaintiffs' Motion to Remand**

This Court must decide if the Complaint sufficiently raises a federal question. Count I alleges that Defendants had a duty under New Mexico statutes and common law to investigate Robbie's disappearance immediately upon being notified of the disappearance. Compl. at ¶ 33. It also contends that Robbie has "suffered damages . . . from the deprivation of rights, privileges, or immunities secured by the constitution and law of the United States and New Mexico within the meaning of N.M.S.A. (1978) § 41-4-12." *Id.* at ¶ 37. Count I also claims that "all Defendants are . . . liable under the [New Mexico] Tort Claims Act for all damages resulting from the actions and omission alleged herein." *Id.* at ¶ 39.

Count II alleges that Defendants are "in violation of the constitutional rights of Plaintiffs to continued close familial association with Robbie under the New Mexico Constitution and the United States Constitution." *Id.* at ¶ 42. It then contends that Plaintiffs are entitled to compensation under the [New Mexico] Tort Claims Act. *Id.* at ¶ 45.

Defendants' Notice of Removal argues that the Complaint is "founded on a claim or right arising under the Constitution . . . of the United States", and that a "federal question appears on the face of the Plaintiffs' Complaint." Notice of Removal at ¶¶ 5-7. Presumably, Defendants are basing removal on the language in the Complaint that mentions the United States Constitution.

**Discussion**

Plaintiffs filed their Complaint in state court, pursuant to the New Mexico Tort Claims Act

3

and the New Mexico Constitution.  Both times that the term "United States Constitution" is mentioned in the Complaint, it is embedded in state claims.  The Notice of Removal is inconsistent with the 'long-settled understanding' discussed in *Merrell Dow*.  Furthermore, this Court is persuaded by the holding in *Rains*.  In this case, the federal element of the claim is not essential because all of the claims can be supported by New Mexico law, including the constitutional claims.  *See Lucero v. Salazar*, 117 N.M. 803 (Ct. App. 1994); *Blea v. City of Espanola*, 117 N.M. 217 (Ct. App. 1994) (recognizing a claim for violation of right to familial association under the New Mexico Constitution.)

This Court is also persuaded by the holding in *Meinders v. REFCO Securities, Inc.,* 865 F. Supp. 721 (D. Colo. 1994).  In that case, plaintiffs filed a claim in state court under a Colorado statute, but used several federal claims to substantiate the state claim.  Applying *Merrell Dow*, the court found no federal jurisdiction just because the federal law was an element.  That case had a stronger federal element than our case, and this Court is inclined to hold similarly.

Defendants' reliance on *Eavenson v. Public Service Co. of New Mexico*, No. Civ. 00-757 JP/WWD, slip op. (filed November 29, 2000) (Doc. No. 21) is misplaced because that case is easily distinguishable from the case at bar.  In that case, the plaintiff specifically asked for a declaratory judgment under the United States Constitution and the Equal Employment Opportunity Act.  In our case, the Complaint does not pray for any relief directly pursuant to any federal law.  To the contrary, Plaintiffs specifically seek relief under the New Mexico Tort Claims Act.

Defendants also rely on Judge Mechem's test discussed in *Acoma Pueblo v. The American*

*Tobacco Co.*, No. Civ. 99-1049 M/WWD, slip op. (filed February 20, 2001) (Doc. No. 30).[1] However, the first factor of that test is that the right or immunity must constitute an essential element of the plaintiff's cause of action. In this case, that test clearly fails.

**Conclusion**

This Court may only hear cases over which it has subject matter jurisdiction. Based on the contents of the Complaint, the Court concludes that there is no federal question raised, and therefore, no federal jurisdiction.

**WHEREFORE**, for the reasons stated above, Plaintiffs' motion to remand shall be **granted**, and CIV No. 02-0762 LH/DJS shall be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] In *Acoma Pueblo*, Judge Mechem uses a four factor test to determine if an action may be said to be one arising under federal law. First, the right or immunity must constitute an essential element of the claim. Second, the right must be such that it will be supported or defeated, depending on how federal law is interpreted. Third, there must be a genuine controversy. Finally, the controversy must be on the face of the complaint.